UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 2:20 CR 190 |
| | ) | |
| **JOHNNY WILBOURN a/k/a Rico** | ) | |

## OPINION and ORDER

This matter is before the court on defendant Johnny Wilbourn's motion to withdraw his guilty plea. (DE # 108.) For the reasons that follow, defendant's motion is denied.

## I.   BACKGROUND

Defendant is accused of distribution of cocaine base, possession with intent to distribute 40 grams or more of fentanyl, and possession of a firearm as a felon, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(B)(vi), and 18 U.S.C. § 922(g)(1). (DE # 1.) On June 10, 2022, defendant entered into a plea agreement with the Government, pleading guilty to Count 1 of the Indictment, charging him with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (DE # 60.)

In the Plea Agreement, defendant states, "I understand the maximum possible penalties that may be imposed upon me for Count 1 are twenty years imprisonment, a lifetime of supervised release, and a $1,000,000 fine." (*Id.* at 4.) He also states:

> I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether actual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a [sic] consideration of a

>pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

(*Id.* at 3-4.)

The Plea Agreement was referred to Magistrate Judge John E. Martin to make findings and a recommendation as to whether a plea of guilty should be accepted. (DE # 62.) On June 16, 2022, after holding a plea hearing, Magistrate Judge Martin recommended that Judge Philip P. Simon (then-presiding as district court judge) accept defendant's guilty plea. (DE # 66.) On July 1, 2022, Judge Simon adopted Magistrate Judge Martin's findings and recommendation, and adjudicated defendant guilty as to Count 1 of the Indictment. (DE # 71.)

During the change of plea hearing, defendant confirmed that he had a chance to read and discuss the Plea Agreement with his lawyer before he signed it, he understood all of the terms of the Plea Agreement, and he and his lawyer had discussed how the U.S. Sentencing Guidelines might apply to his case. (DE # 103 at 7-8, 11.) Defendant also confirmed his understanding of the following:

- The maximum penalty for the crime charged in Count 1 is up to 20 years' imprisonment, a lifetime of supervised release, and a fine of up to $1 million. (*Id.* at 10.)

- His sentence will be determined by a combination of the advisory sentencing guidelines, and possible authorized departures and variances from the guidelines, as well as other sentencing factors. (*Id.*)

- The district court is not able to determine the advisory guideline range until after a pre-sentence report has been completed and he and the Government have had the opportunity to put their input

- into the report and challenge the reported facts and the application of the guidelines recommended by the probation officer. (*Id.*)

- The ultimate guideline ranges and the sentence ultimately imposed may be different from any estimate his lawyer may have given him. (*Id.*)

- After his advisory guideline range has been determined, the district court has authority to consider other statutory sentencing factors, and in some circumstances, the court may deviate from the sentencing range and impose a sentence that may be greater or lesser than the advisory guideline range. (*Id.* at 12.)

Defendant now moves to withdraw his guilty plea. (DE # 108.) He claims that, when he signed the Plea Agreement, he did not understand that his sentence could be enhanced as a result of relevant conduct and his status as a career offender. (*Id.*) He claims that he never would have signed the Plea Agreement if he had been made aware of these potential sentence enhancements.[1] (*Id.*)

## II.     LEGAL STANDARD

"A defendant has no absolute right to withdraw a guilty plea before sentencing." *United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015). Federal Rule of Criminal Procedure 11(d)(2)(B) states that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." The defendant bears "a heavy burden of persuasion" in showing that a fair and just reason exists. *Collins*, 796 F.3d at 834.

The Seventh Circuit has recognized three general grounds that merit withdrawal of a guilty plea: "where the defendant shows actual innocence or legal innocence, and

---

[1] Defendant recently obtained new counsel, and is no longer represented by the attorney who advised him prior to signing the Plea Agreement.

where the guilty plea was not knowing and voluntary." *United States v. Graf*, 827 F.3d 581, 583 (7th Cir. 2016). The colloquy required by Federal Rule of Criminal Procedure 11 is designed to ensure that a defendant's guilty plea is entered knowingly and voluntarily. *See* Fed. R. Crim. P. 11(b)(1). "Once a proper Rule 11 colloquy has taken place, the 'fair and just' . . . escape hatch is narrow.'" *Collins*, 796 F.3d at 835 (quoting *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010)). Here, defendant does not challenge the adequacy of the plea colloquy, and does not allege actual or legal innocence. Rather, he argues that his plea was not knowing and voluntary.

"In assessing the knowing and voluntary character of a defendant's waiver, the court should lend particular credence to the defendant's representations to the court during his plea colloquy, during which he is obligated to tell the truth." *United States v. Alcala*, 678 F.3d 574, 578-79 (7th Cir. 2012). "A plea of guilty is a formal and solemn step. . . . A defendant's motion to withdraw is unlikely to have merit if it seeks to dispute his sworn assurances to the court." *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). "The entry of a plea is not a meaningless act. When a defendant makes representations at a plea hearing, those representations are entitled to a presumption of verity. A defendant presenting a reason for withdrawal that contradicts answers he gave at the plea hearing faces an 'uphill battle.'" *Collins*, 796 F.3d at 834 (internal citations omitted).

### III. DISCUSSION

Defendant's sole argument in favor of withdrawing his guilty plea is that he did not understand, prior to signing the agreement, that he may be subject to enhancements as a career offender and for relevant conduct. This argument contradicts the

unequivocal statements he made during his plea hearing: that he understood that his sentence would be determined by a combination of the advisory sentencing guidelines, possible authorized departures and variances from the guidelines, as well as other sentencing factors; that the district court would not be able to determine the guideline range until after the pre-sentence report was completed and any objections to the report were submitted; and that the ultimate guideline ranges, and sentence ultimately imposed, might be different from any estimate his lawyer may have given him.

Defendant cannot now take back these sworn statements. "Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). Here, defendant does not present a compelling, or indeed any, explanation to excuse his present attempt to contradict the sworn statements he made during his change of plea hearing. Accordingly, he has failed to establish that his plea was not knowing and voluntary. *See United States v. Jones*, 381 F.3d 615, 619 (7th Cir. 2004) ("Jones's motion to withdraw his guilty plea directly contradicts his statements at the change of plea hearing. Other than his own self-serving assertions, his motion lacks any proof that he did not understand his guilty plea or that he was pressured into a guilty plea through false promises.").

Moreover, the Seventh Circuit has "repeatedly held that 'the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea.' " *United States v. Bowlin*, 534 F.3d

654, 660 (7th Cir. 2008) (quoting *United States v. Gilliam*, 255 F.3d 428, 433–34 (7th Cir.2001)). "[A] mistake about the possible sentence—especially when the defendant has been warned that the judge will determine the sentence based on information collected by the Probation Office and at any sentencing hearing—does not [go to the heart of the plea]" and may not be used as the basis for withdrawal of the plea. *Id.*

This principle is true even in cases where the defendant later discovered information, through no fault of his own, that would increase his sentence beyond what he anticipated when he entered the plea agreement. *See e.g. United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010) (mutual mistake about defendant's eligibility for safety valve provision not grounds to withdraw plea); *Bowlin*, 534 F.3d at 657 (after entering guilty plea, defendant discovered her sentence would be increased for 'relevant conduct' based on information from confidential informant not disclosed prior to changing her plea).

In the type of plea agreement in this case, where the punishment is not an essential term of the agreement, "[t]he agreement is complete when the parties agree on the nature and extent of the defendant's culpability. They leave the determination of a sentence to the discretion of the district court, as guided by the sentencing guidelines and by the applicable criminal statutes." *United States v. Barnes*, 83 F.3d 934, 938 (7th Cir. 1996) (citation omitted). "A proper plea colloquy informs the defendant of the contingent nature of the sentence. Thus, the defendants in many criminal cases can enter into valid plea agreements, and district courts can enforce them, without the

parties' knowing in advance exactly what sentence the court will impose." *Id.* at 938-39 (citation omitted).

In this case, defendant confirmed under oath that he understood the contingent nature of his sentence. His underestimation of his potential sentence does not serve as a fair and just reason to permit him to withdraw his guilty plea. *See United States v. Redmond*, 667 F.3d 863, 872–73 (7th Cir. 2012) (defendant's incorrect understanding of drug quantity attributable to him as relevant conduct was not a mistake going to substantive offense and was not a fair and just reason to withdraw guilty plea); *United States v. Dumes*, 313 F.3d 372, 383 (7th Cir. 2002) (no abuse of discretion in denying defendant's motion to withdraw plea where defendant did not know he would be sentenced as a career offender; district court warned defendant that his sentenced would be governed by guidelines).

**IV. CONCLUSION**

For the foregoing reasons, defendant's motion to withdraw his guilty plea (DE # 108) is **DENIED.**

                                                    **SO ORDERED.**

Date: June 6, 2023

                                                     s/James T. Moody
                                                    JUDGE JAMES T. MOODY
                                                    UNITED STATES DISTRICT COURT